Chester P. HAYNIE, Plaintiff-Appellant,

v.

CONTINENTAL CASUALTY COMPA-
NY, Defendant-Appellee.

No. 74–1198.

United States Court of Appeals,
Sixth Circuit.

Argued June 14, 1974.

Decided July 9, 1974.

Spenard & Thomas, Albert W. Spenard, William R. Thomas, Madisonville, Ky., on brief, for plaintiff-appellant.

Marvin P. Nunley, Owensboro, Ky., for defendant-appellee; Bartlett, McCarroll & Nunley, Owensboro, Ky., on brief.

Before WEICK, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM:

Appellant was insured under a policy with Appellee which provided for special disability benefits. On July 22, 1971, Appellant was injured while working. Appellant claimed that he was entitled to disability benefits for the duration of his disability, on the ground that the injury was caused by the on-the-job accident. Appellee maintained that Appellant was entitled to disability benefits only for one year, under the clause which limited the duration of payments for disability due to sickness.

The evidence below showed that Appellant suffered a 40% disability from the combination of the accident and an arthritic condition. The arthritic condition had pre-existed the injury but was dormant until activated by it. Under the terms of the insurance policy, disability payments would be made throughout the term of the disability only if bodily injury was the source of the disability. Bodily injury was defined as harm "caused by an accident . . . and resulting directly and independently of all other causes in loss covered by this policy."

The District Court cited Continental Casualty Co. v. Freeman, 481 S.W.2d 309 (Ky.1972), in construing the policy under Kentucky law. In *Freeman,* the Kentucky Court of Appeals considered a disability clause with the identical wording as that in this case. It held that payments for the duration of the disability should be made if bodily injury was the source of the disability and if no other cause "substantially contributed" to it. On the facts of this case, the District Court found that the pre-existing arthritic condition had "substantially contributed" to the disability, so that payments would be limited to one year rather than the duration of the disability.

We find that the *Freeman* case clearly states Kentucky law, and we do not find the District Court's conclusion that Appellant's disability was partly the result of disease clearly erroneous. For these reasons the decision of the District Court should be, and it hereby is, affirmed.